UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.

DARKO MADERIC,

    Plaintiff,
v.

MAGICAL CRUISE COMPANY, LIMITED
d/b/a Disney Cruise Line, and VANTER
CRUISE HEALTH SERVICES, INC.,

    Defendants.
_____/

## **SEAMAN'S AMENDED COMPLAINT**

Plaintiff sues Defendants and alleges:

1. Plaintiff, DARKO MADERIC, is a citizen of Croatia and a seaman within the meaning of 28 U.S.C. § 1916 and who is permitted to file this suit without paying the filing fee or costs.

2. Defendant, MAGICAL CRUISE COMPANY, LIMITED. d/b/a Disney Cruise Line ("DISNEY"), is a foreign corporation incorporated in London, England which has its worldwide headquarters and principal place of business in Celebration, Florida.

3. Defendant, VANTER CRUISE HEALTH SERVICES, INC. ("VANTER"), is a foreign corporation incorporated in the Bahamas which has its headquarters and principal place of business in Alexandria, Virginia.

4. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the Parties are diverse and the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the Court's admiralty jurisdiction.

5. Defendants, at all times material hereto, personally or through an agent;

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

   b. Was engaged in substantial activity within this state;

   c. Operated vessels in the waters of this state;

   d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

   e. The acts of Defendants set out in this Amended Complaint occurred in whole or in part in this county and/or state.

6. Defendants are is subject to the jurisdiction of the courts of this state.

7. The causes of action asserted in this Complaint arise under the Jones Act, 46 USC 30104, and the General Maritime Law of the United States. Notwithstanding the application of General Maritime Law and, pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a jury trial on all claims asserted herein.

## **PRELIMINARY ALLEGATIONS**

8. At all times material hereto, Defendant DISNEY owned, operated, managed, maintained and/or controlled the vessel *Disney Fantasy*, and operated same under a flag of convenience.

9. As part of providing vacation cruises, Defendant DISNEY advertised, marketed and promoted the availability of the vessel's medical facility.

10. At all times material hereto, Defendant DISNEY entered into a contractual agreement with Defendant VANTER to recruit, vet, screen, oversee, collaborate and work directly with Defendant DISNEY for the provision of onboard medical services provided to passengers and crewmembers, including the Plaintiff.

11. At all times material, Defendant VANTER recruited and entered into a contractual agreement with Plaintiff to work as a ship's physician aboard a vessel owned and operated by Defendant DISNEY.

12. At all times material, Plaintiff was employed by Defendant VANTER as a ship's physician and assigned to work aboard the *Disney Fantasy*.

13. At all times material hereto, Plaintiff was a member of the crew and employed as a seaman aboard Defendant DISNEY's vessel in the capacity of Ship's Physician and was working in the service of the vessel.

14. At all times material hereto, Defendant VANTER had a non-delegable duty to provide prompt, proper and adequate medical care to its crewmembers, including the Plaintiff.

15. At all times material hereto, the vessel was in navigable waters.

16. At all times material hereto, the Plaintiff worked and lived aboard the vessel.

17. While working aboard the *Disney Fantasy,* Plaintiff contracted Covid-19. Plaintiff also suffered a hernia relating to the coughing which was a result of having contracted Covid-19.

18. While suffering with Covid-19, Defendants failed to provide Plaintiff with prompt, proper and adequate medical care. Instead insisting the Plaintiff return to work while he was too ill to physically do so.

19. Plaintiff was medically disembarked from the vessel and repatriated home where he suffers from long Covid-19 and continues to treat.

20. As a result of this incident and due to the negligence of the Defendant, Plaintiff suffered permanent and ongoing injuries.

21. This matter is timely filed per written agreement of the Parties extending statute of limitations.

**COUNT I – JONES ACT NEGLIGENCE**
**as to Defendant VANTER**

Plaintiff re-alleges, incorporates by reference and adopts paragraphs one (1) through twenty-one (21) as though originally alleged herein.

22. On or about January 14, 2022, the Plaintiff contracted Covid-19 while employed by Defendant VANTER as a seaman and a member of the crew of the *Disney Fantasy*, which was in navigable waters.

23. Under the Jones Act, Defendant VANTER owed the Plaintiff, its employee

4

and member of the crew, a duty to use ordinary and reasonable care under the circumstances.

24. It was the duty of Defendant VANTER to provide Plaintiff with a reasonably safe place to work.

25. On or about January 14, 2022, Plaintiff was injured due to the fault and negligence of Defendant VANTER, its agents, servants and/or employees. Defendant VANTER failed to use reasonable care to provide Plaintiff a reasonably safe place to work by:

   a. Failing to provide Plaintiff with safe workplace and means to work;

   b. Failing to promulgate, implement and enforce reasonable rules and regulations for the testing and handling of suspected and confirmed Covid-19 cases;

   c. Allowing large numbers of individuals with symptoms and/or suspected Covid-19 to congregate in the medical facility;

   d. Requiring crewmembers who tested positive to present to the medical infirmary for further testing rather than immediately isolating;

   e. Failing to promulgate and enforce reasonable rules and regulations to ensure the safety and health of the Plaintiff while engaged in the course of his employment on the subject vessel;

   f. Failing to comply with the policies and procedures, including governmental (WHO and CDC) and industry standards and guidelines,

regarding hazardous conditions aboard the vessel in order to provide Plaintiff a reasonably safe place to work;

g. Failure to eliminate and/or modify the hazard(s) which caused the Plaintiff to suffer his injury;

h. Failing to provide prompt, proper and adequate medical care to the Plaintiff when she sought medical attention for his injuries;

i. Failing to adequately diagnose and treat the Plaintiff's injuries when diagnosed;

j. Failing to provide the Plaintiff with sufficient rest and recovery time;

k. Creating a work environment where crewmembers are encouraged to return to work while injured;

l. Requiring the Plaintiff to continue working after the injury in contradiction of prompt, proper and adequate medical care;

m. Refusing to provide the Plaintiff with PCR test for Covid-19;

n. Denying Plaintiff additional medical care;

o. Threatening the Plaintiff with arrest and/or jail when he attempted to obtain additional medical care;

p. Terminating the Plaintiff when he requested additional medical care; and/or

q. Failing to properly manage Plaintiff's medical care after Plaintiff was injured.

26. At all times material hereto, Defendant VANTER negligently failed to determine the hazards Plaintiff faced, failed to eliminate those hazards, failed to modify those hazards and failed to warn the Plaintiff of those hazards. All of the above caused the Plaintiff to suffer his injuries and did not receive adequate care for them.

27. Defendant VANTER knew of the foregoing conditions causing Plaintiff's injury and did not correct them, or the conditions existed for a sufficient length of time so that Defendant VANTER in the exercise of reasonable care should have learned of them and corrected them.

28. As a result of the negligence of Defendant VANTER, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, lost income in the past and his working ability and earning capacity have been impaired. The injuries and damages suffered by the Plaintiff are permanent and continuing in nature and Plaintiff will suffer these losses and impairments in the future. In addition, Plaintiff in the past and in the future has lost the fringe benefits that came with Plaintiff's job, including but not limited to

free food, free shelter, free medical care, free uniforms, vacation pay, and free airline transportation to the vessel and back home each contract.

WHEREFORE, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

### COUNT II – UNSEAWORTHINESS
### as to Defendant DISNEY

Plaintiff re-alleges, incorporates by reference and adopts paragraphs one (1) through twenty-one (21) as though originally alleged herein.

29. On or about January 14, 2022, Plaintiff was a seaman and a member of the *Disney Fantasy's* crew, which was in navigable waters.

30. At all times material hereto, Defendant DISNEY owned, managed, operated and controlled the vessel *Disney Magic*.

31. Defendant DISNEY had the absolute non-delegable duty to provide Plaintiff with a seaworthy vessel on which to serve, including a competent crew.

32. The unseaworthiness of Defendant DISNEY's vessel was a legal cause of injury and damage to the Plaintiff by reason of the following:

    a. The vessel was not reasonably fit for its intended purpose;

    b. Failing to properly diagnose and/or treat Plaintiff's injuries;

    c. Failing to provide Plaintiff with prompt, proper and adequate medical treatment.

    d. Defendant created an unsafe working environment;

    e. The vessel did not have a fit crew;

 f. The vessel failed to provide Plaintiff with a safe working environment free of physical threats and/or dangerous conditions;

 g. The vessel failed to carry and utilize proper and adequate medical equipment with respect to treating Plaintiff's condition;

 h. Failing to promulgate and enforce reasonable rules and regulations to ensure the safety and health of the Plaintiff while engaged in the course of his employment on the subject vessel;

 i. Failing to properly implement, train, supervise and/or enforce Disney Protocol -- Outbreak Prevention and Response Plan;

 j. Allowing large numbers of individuals with symptoms and/or suspected Covid-19 to congregate in the medical facility;

 k. Requiring crewmembers who tested positive to present to the medical infirmary for further testing rather than immediately isolating;

 l. Failing to have competent and properly trained crew;

33. As a result of the unseaworthiness of the vessel *Disney Fantasy*, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered

physical handicap, lost wages, lost income in the past and his working ability and earning capacity have been impaired. The injuries and damages suffered by the Plaintiff are permanent and continuing in nature and Plaintiff will suffer these losses and impairments in the future. In addition, Plaintiff in the past and in the future has lost the fringe benefits that came with Plaintiff's job, including but not limited to free food, free shelter, free medical care, free uniforms, vacation pay, and free airline transportation to the vessel and back home each contract.

WHEREFORE, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

### COUNT III – FAILURE TO PROVIDE MAINTENANCE & CURE
### as to Defendant VANTER

Plaintiff re-alleges, incorporates by reference and adopts paragraphs one (1) through twenty-one (21) as though originally alleged herein.

34. On or about January 14, 2021, the Plaintiff suffered injuries while in the service of the vessel, *Disney Fantasy*, which was in navigation.

35. Under the General Maritime Law, Plaintiff, as a seaman, is entitled to recover maintenance and cure from Defendant VANTER until declared to have reached maximum medical improvement ("MMI") or maximum medical cure ("MMC"). This includes unearned wages (regular wages, overtime and vacation pay), which were reasonably anticipated to the end of the contract or voyage whichever is longer.

36. Defendant VANTER willfully and callously delayed, failed and/or refused to

pay Plaintiff's entire maintenance and refused to provide the Plaintiff the level of cure that the Plaintiff needs so that Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

37. An MMI or MMC declaration must be unequivocal and, if not, any doubts or controversy regarding whether or not the seaman is at MMI or MMC must be resolved in favor of the seaman.

38. Defendant VANTER's failure to pay Plaintiff's entire maintenance and cure is willful, arbitrary, capricious, in violation of the law and in callous disregard for Plaintiff's right as a seaman.  As such, Plaintiff would be entitled to attorney's fee under the General Maritime Law of the United States.  Furthermore, Defendant VANTER's unreasonable failure to pay or provide Plaintiff with maintenance and cure aggravated his condition and caused her to suffer additional compensatory damages including, but not limited to, the aggravation of his physical condition, disability, pain and suffering, reasonable fear of developing future physical and medical problems, mental anguish, loss of enjoyment of life, feelings of economic insecurity, lost earnings and earning capacity, and medical and hospital expenses in the past and into the future.

WHEREFORE, Plaintiff demands all damages entitled by law, attorneys' fees and demands jury trial of all issues so triable.

### COUNT IV – FAILURE TO TREAT
### as to Defendant VANTER

Plaintiff re-alleges, adopts and incorporates by references paragraphs one

(1) through twenty-one (21) as though originally alleged herein.

39. On or about January 14, 2022, Plaintiff was employed and working as a seaman and was a member of the *Disney Fantasy*'s crew. The vessel was in navigable waters.

40. It was the duty of Defendant VANTER to provide Plaintiff with prompt, proper and adequate medical care when he presented for treatment.

41. Defendant VANTER, through the ship's physicians and/or nurses, negligently failed to provide Plaintiff with prompt, proper, adequate and complete medical care. This conduct includes, but is not limited to:

    a. Defendant not providing Plaintiff with prompt, proper and/or adequate medical care after he reported his injury;

    b. Defendant not providing Plaintiff with prompt, proper and/or adequate medical care after he was diagnosed with Covid-19 and subsequently suffered a hernia;

    c. Defendant not properly diagnosing Plaintiff's injury;

    d. Requiring the Plaintiff to continue working after the injury in contradiction of prompt, proper and adequate medical care;

    e. Refusing to provide the Plaintiff with PCR test for Covid-19;

    f. Denying Plaintiff additional medical care;

    g. Refusing to provide Plaintiff with additional medical care;

42. As a direct and proximate result of Defendant VANTER's failure, Plaintiff

suffered additional pain, disability and Plaintiff's recovery was prolonged. In addition, the Plaintiff was injured about plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions, incurred additional medical expenses in the care and treatment of plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and Plaintiff's working ability and earning capacity have been impaired. These injuries and damages are permanent or continuing in nature and Plaintiff will suffer these losses and impairments in the future.

43. This Count is alleged separately from Jones Act Negligence pursuant to *Joyce v. Atlantic Richfield Company*, 651 F. 2d 676 (10th Cir. 1981) which states, in part, "Negligent failure to provide prompt medical attention to a seriously injured seaman gives rise to a separate claim for relief [for which separate damages are awardable]."

### COUNT V – GENERAL NEGLIGENCE
### as to Defendant VANTER

Plaintiff re-alleges, adopts, and incorporates by references paragraphs one (1) through twenty-one (21) as though originally alleged herein.

44. At all times material hereto, Defendant VANTER provided health care services for the cruise line industry including Defendant DISNEY. Defendant

VANTER recruited, vetted and screened medical personnel; provided medical management and oversight for onboard medical care, serving as a resource for onboard medical staff, and actively provide administrative support based on a team approach with shipboard management, onboard medical staff and the cruise line's shoreside operation group and management.

45. At all times material hereto, Defendant VANTER had the ability to control and monitor each and every step taken by the shipboard medical personnel working aboard the *Disney Fantasy* via telephone, videoconference, Skype or otherwise. This technology is generally referred to as "Face to Face Telemedicine." Such modern means of communication make the location of the cruise ship effectively irrelevant and allows Defendant VANTER to directly control and/or participate in the medical care on the ship.

46. At all times material hereto, Defendant VANTER had control and/or the right to control and/or participate in the provision of medical care and treatment of crewmembers, including the Plaintiff, aboard the *Disney Fantasy*. Defendant VANTER exercised such control, right of control and/or participated in the medical care in many different ways, including but not limited to the following:

    a. Acting as a resource to the shipboard medical personnel and providing guidance and instruction;

    b. Establishing, adopting and enforcing rules, regulations and protocols for the treatment of patients in the medical center;

    c. Establishing and enforcing the terms of employment for such personnel;

    d. Providing administrative support to the shipboard medical personnel;

    e. Providing support as a part of a team approach with the onboard medical staff and the cruise line's shoreside operation group and management;

    f. Through the use of its shoreside medical department, which is staffed with various doctors and other medical personnel, that can communicate with its ships literally anywhere in the world electronically;

    g. By entering into contracts with various land based hospitals to provide medical expertise and requiring shipboard medical personnel to utilize such services in the treatment of passengers and crew in specified situations;

    h. Through the use of electronic technology, including video-conferencing and tele-medicine, with its shoreside offices, Medical Director and Associate Medical Director to control the treatment provided;

    i. Providing formulary management, including the review and evaluation of ship's formulary for appropriate medications;

    j. Providing equipment management, including the review of medical equipment for appropriateness and making recommendations for new equipment purchases;

    k. Providing quality assurance in conjunction with ISM, SMS and in adherence to CLIA and ACEP guidelines;

 l. Establish and audit medical practice guidelines;

 m. Providing quality control of medical care through case record audits and incident report review;

 n. Providing risk management and safety support through tracking of guest and crew incidents and medical care;

 o. Supporting and providing resources for cruise line's Risk Management and Safety Departments;

 p. Working closely with shipboard Safety Teams on issues such as injury prevention;

 q. Management of guest and crewmember medical records.

47. It was the duty of Defendant VANTER to provide Plaintiff with reasonable care under the circumstances.

48. On or about January 14, 2022, Plaintiff was injured due to the fault and negligence of Defendant VANTER, its agents, servants, employees and/or shipboard medical personnel. Defendant VANTER failed to use reasonable care under the circumstances by:

 a. Failing to provide the Plaintiff with prompt proper and/or adequate medical care after he reported his injury;

 b. Failing to adequately diagnose and/or treat Plaintiff's injury;

 c. Failing to promulgate, implement and enforce reasonable rules and regulations for the testing and handling of suspected and confirmed

      Covid-19 cases;

d. Allowing large numbers of individuals with symptoms and/or suspected Covid-19 to congregate in the medical facility;

e. Requiring crewmembers who tested positive to present to the medical infirmary for further testing rather than immediately isolating;

f. Failing to promulgate and enforce reasonable rules and regulations to ensure the safety and health of the Plaintiff while engaged in the course of his employment on the subject vessel;

g. Failing to comply with the policies and procedures, including governmental (WHO and CDC) and industry standards and guidelines, regarding hazardous conditions aboard the vessel in order to provide Plaintiff a reasonably safe place to work;

h. Failure to eliminate and/or modify the hazard(s) which caused the Plaintiff to suffer his injury;

i. Failing to provide prompt, proper and adequate medical care to the Plaintiff when she sought medical attention for his injuries;

j. Failing to adequately diagnose and treat the Plaintiff's injuries when diagnosed;

k. Failing to provide the Plaintiff with sufficient rest and recovery time;

l. Creating a work environment where crewmembers are encouraged to return to work while injured;

m. Requiring the Plaintiff to continue working after the injury in contradiction of prompt, proper and adequate medical care;

n. Refusing to provide the Plaintiff with PCR test for Covid-19;

o. Denying Plaintiff additional medical care;

p. Threatening the Plaintiff with arrest and/or jail when he attempted to obtain additional medical care;

q. Terminating the Plaintiff when he requested additional medical care; and/or

r. Failing to properly manage Plaintiff's medical care after Plaintiff was injured

49. Defendant VANTER knew of the foregoing conditions causing Plaintiff's injury and did not correct them, or the conditions existed for a sufficient length of time so that Defendant VANTER in the exercise of reasonable care should have learned of them and corrected them.

50. As a result of the negligence of Defendant VANTER the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical

handicap, lost wages, lost income in the past and his working ability and earning capacity have been impaired. The injuries and damages suffered by the Plaintiff are permanent and continuing in nature and Plaintiff will suffer these losses and impairments in the future. In addition, Plaintiff in the past and in the future has lost the fringe benefits that came with Plaintiff's job, including but not limited to free food, free shelter, free medical care, free uniforms, vacation pay, and free airline transportation to the vessel and back home each contract

WHEREFORE, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

Dated: March 9, 2022.

          LIPCON, MARGULIES
          & WINKLEMAN, P.A.
          *Attorneys for Plaintiff*
          2800 Ponce De Leon Blvd, Suite 1480
          Coral Gables, Florida 33134
          Telephone No.: (305) 373-3016
          Facsimile No.: (305) 373-6204

By: */s/ Carol L. Finklehoffe*
     **CAROL L. FINKLEHOFFE**
     Florida Bar No. 15903
     cfinklehoffe@lipcon.com